1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  JEFFREY P. MICHALOWSKI (SB# 248073)
   jeffmichalowski@paulhastings.com
3  PETER A. COOPER (SB# 275300)
   petercooper@paulhastings.com
4  PAUL HASTINGS LLP
   55 Second Street
5  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
6  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
7
   Attorneys for Defendants
8  INTERNATIONAL BUSINESS MACHINES CORPORATION
   and GARY ROBINSON
9
   LESLIE HOLMES (SB# 192608)
10 leslie@hulawyers.com
   HOLMES & USOZ LLP
11 333 West Santa Clara Street, Suite 805
   San Jose, California 95113
12 Telephone:  (408) 292-7600
   Facsimile:  (408) 292-7611
13
   Attorneys for Plaintiff
14 MICHAEL DESANTIS

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                  SAN JOSE DIVISION

18 MICHAEL DESANTIS, an individual,        CASE NO. CV-10-04602 LHK

19              Plaintiff,                 **STIPULATION AND [PROPOSED]**
                                           **ORDER GRANTING DEFENDANTS**
20      vs.                                **INTERNATIONAL BUSINESS**
                                           **MACHINES CORPORATION AND**
21 INTERNATIONAL BUSINESS MACHINES         **GARY ROBINSON LEAVE TO FILE**
   CORPORATION, a corporation;  GARY       **AMENDED ANSWER AND**
22 ROBINSON, an individual,                **COUNTERCLAIMS**

23              Defendant.
   INTERNATIONAL BUSINESS MACHINES
24 CORPORATION, a corporation;

25              Counterclaimant,

26      vs.

27 MICHAEL DESANTIS, an individual,

28              Counter-Defendant.

1    WHEREAS Defendants International Business Machines Corporation ("IBM") and Gary

2   Robinson learned at the deposition of Plaintiff Michael DeSantis ("Plaintiff") on November 18,

3   2011 that Plaintiff (a) recorded at least one confidential conversation between himself and Gary

4   Robinson while at work on IBM premises, without Gary Robinson's or IBM's consent; (b)

5   retained a backup copy of his IBM laptop computer after termination without permission and in

6   violation of IBM's policies; (c) transferred data, documents, and information without permission

7   from the backup copy of his IBM laptop computer to a personal hard drive; and (d) accessed that

8   personal hard drive containing IBM property through Plaintiff's personal computer without

9   permission from IBM for Plaintiff's personal purposes;

10    WHEREAS counsel for IBM and Robinson informed the Court at the November 22, 2011

11   Case Management Conference of their intent to seek leave to file an amended answer and to

12   assert additional counterclaims based on the aforesaid information;

13    WHEREAS the Court set the deadline for filing a Motion to Amend or Add Parties at

14   December 20, 2011 (*See* Case Management Order, Docket No. 45);

15    WHEREAS the parties have met and conferred and agree that – in order to streamline this

16   litigation and to avoid an unnecessary motion – Plaintiff has no objection to and stipulates

17   (without prejudice to Plaintiff's denials and defenses to Defendants' counterclaims) that IBM be

18   granted leave to file the Amended Answer and Counterclaim attached as Exhibit A, which asserts

19   (a) one new defense (after-acquired evidence), and three new counterclaims (Conversion of IBM

20   Property and Information; Breach of Contract; and Violation of California Penal Code section

21   632);

22

23                              **STIPULATION**

24

25    IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, ACTING

26   THROUGH THEIR COUNSEL OF RECORD, THAT:

27    The Court accept for filing Defendants' First Amended Answer to Plaintiff's Second

28   Amended Complaint and First Amended Counterclaim for Damages and Injunctive Relief

1  attached as Exhibit A hereto.  *See* FED. R. CIV. PROC., RULE 15(a)(2) (following initial

2  amendment, "a party may amend its pleading only with the opposing party's written consent or

3  the court's leave").

4

5  DATED:  December 19, 2011          E. JEFFREY GRUBE
                                      JEFFREY P. MICHALOWSKI
6                                     PAUL HASTINGS LLP

7

8                                     By: _____
                                              JEFFREY P. MICHALOWSKI

9                                     Attorneys for Defendants
                                      INTERNATIONAL BUSINESS MACHINES
10                                    CORPORATION and GARY ROBINSON

11

12  DATED:  December 19, 2011          LESLIE HOLMES
                                       HOLMES & USOZ LLP

13

14                                     By: _____
                                              LESLIE HOLMES
15

16                                     Attorneys for Plaintiff
                                       MICHAEL DESANTIS

17

18

19

20                                    **<u>ORDER</u>**

21

22          GOOD CAUSE APPEARING, IT IS SO ORDERED.  The Court further

23  ORDERS as follows:

24

25          1.  Defendants shall have 10 court days from today's date to file and serve

26              their Amended Answer and Counterclaim.

27

28

1          2.  Plaintiff shall have 30 court days from today's date to file and serve a

2      response to Defendants Amended Counterclaim.

DATED:  January 3, 2012

_____
Lucy H. Koh
United States District Judge

LEGAL_US_W # 69853262.1

Case No. CV-10-4602-LHK         STIPULATION AND [PROPOSED] ORDER RE:
AMENDED ANSWER AND COUNTERCLAIM

# Exhibit A

1   E. JEFFREY GRUBE (SB# 167324)
    jeffgrube@paulhastings.com
2   JEFFREY P. MICHALOWSKI (SB# 248073)
    jeffmichalowski@paulhastings.com
3   PETER A. COOPER (SB# 275300)
    petercooper@paulhastings.com
4   PAUL HASTINGS LLP
    55 Second Street
5   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
6   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100

7

8   Attorneys for Defendants
    INTERNATIONAL BUSINESS MACHINES CORPORATION
    and GARY ROBINSON

9

                UNITED STATES DISTRICT COURT

10

               NORTHERN DISTRICT OF CALIFORNIA

11

                    SAN JOSE DIVISION

12

13

14  MICHAEL DESANTIS, an individual,      CASE NO. CV-10-4602-JF

15            Plaintiff,           **DEFENDANTS' FIRST AMENDED**
                                 **ANSWER TO PLAINTIFF MICHAEL**
16      vs.                  **DESANTIS'S SECOND AMENDED**
                                 **COMPLAINT FOR DAMAGES; AND**
17  INTERNATIONAL BUSINESS        **DEFENDANTS' FIRST AMENDED**
    MACHINES CORPORATION, a        **COUNTERCLAIM FOR DAMAGES AND**
18  corporation;  GARY ROBINSON, an    **INJUNCTIVE RELIEF**
    individual,
19
            Defendants.
20  INTERNATIONAL BUSINESS
    MACHINES CORPORATION, a
21  corporation; GARY ROBINSON, an
    individual,
22
            Counterclaimants,
23
    vs.
24
    MICHAEL DESANTIS, an individual,
25
            Counter-Defendant.
26

27

28

                               AMENDED ANSWER TO PLAINTIFF'S SECOND
                                    AMENDED COMPLAINT AND AMENDED
Case No. CV-10-4602-LHK                          COUNTERCLAIM

1   TO PLAINTIFF MICHAEL DESANTIS AND TO HIS ATTORNEY OF RECORD, LESLIE

2   HOLMES, HOLMES & USOZ LLP:

3

4           Defendants INTERNATIONAL BUSINESS MACHINES CORPORATION

5   ("IBM") and GARY ROBINSON ("Robinson") (together "Defendants"), for themselves alone

6   and no other defendant, hereby answer the Second Amended Complaint ("Complaint") of

7   plaintiff MICHAEL DESANTIS ("Plaintiff") as follows:

8                   ***DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS***

9           1.      Answering Paragraph 1, Defendants[1] admit that Plaintiff was first

10  employed with IBM, in New York, in 1977, that he worked most recently for IBM in Santa

11  Teresa at the IBM Silicon Valley Laboratory, and that he was over the age of 55 from 2007

12  forward.  Defendants lack sufficient information on which to form a belief as to the truth of the

13  allegations that Plaintiff resided in the County of Santa Clara at all times relevant or that Plaintiff

14  is of American/Italian descent, and on that basis denies those allegations.  Except as expressly

15  admitted above, Defendants deny each and every remaining allegation in Paragraph 1.

16          2.      Defendants admit the allegations in Paragraph 2.

17          3.      Answering Paragraph 3, Defendants admit that Defendant Gary Robinson

18  lived in the State of California and worked for IBM from 2007 forward, and that Mr. Robinson is

19  of British descent.   Except as so admitted, Defendants deny each and every remaining allegation

20  in Paragraph 3.

21          4.      Defendants admit the allegations in Paragraph 4.

22          5.      Answering Paragraph 5, Defendants admit that Plaintiff's responsibilities

23  as a Project Manager included attention to licensing issues.  Except as so admitted, Defendants

24  deny each and every remaining allegation in Paragraph 5.

25          6.      Defendants deny each and every allegation in Paragraph 6.

26  _____

27  [1]      Defendant IBM and Defendant Gary Robinson have no obligation to answer separately, and decline to do
    so.  A joint admission or joint denial of any allegation contained in this Answer shall not be construed as an
    indication that *both* Defendants have knowledge of the truth or falsity of the allegation – rather, such denials or

28  admissions indicate only that at least one of the Defendants has such knowledge.

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

Case No. CV-10-4602-LHK

1          7.      Answering Paragraph 7, Defendants admit that Plaintiff had conversations

2    with IBM's in-house legal department about licensing issues.  Except as so admitted, Defendants

3    deny each and every remaining allegation in Paragraph 7.

4          8.      Defendants admit that IBM encourages employees to raise concerns,

5    especially when raising concerns is a responsibility of their positions, as it was for Plaintiff.

6    Defendants have insufficient recollection to admit or deny the allegation that IBM specifically

7    thanked Plaintiff on at least one occasion for doing his job, but do not dispute this allegation.

8    Defendants otherwise deny each and every remaining allegation in Paragraph 8.

9          9.      Defendants deny each and every allegation in Paragraph 9.

10         10.     Answering Paragraph 10, Defendants admit that Plaintiff received a "2"

11   rating in his 2007 performance evaluation, a decline from the previous year's rating.  Except as

12   expressly admitted, Defendants deny each and every remaining allegation in Paragraph 10.

13         11.     Answering Paragraph 11, Defendants admit that Defendant Robinson had

14   concerns about Plaintiff's performance in 2007 and 2008.  Except as expressly admitted,

15   Defendants deny each and every remaining allegation in Paragraph 11.

16         12.     Answering Paragraph 12, Defendants admit that in August 2008, Plaintiff

17   traveled to New York, but lack sufficient information on which to form a belief as to his

18   motivations for doing so, or of his intentions with respect to his work, and on that basis, deny all

19   allegations regarding his motivations and intentions.  Defendants further admit that Plaintiff

20   reported that he had technical issues with his IBM laptop and admit that he contacted project

21   participants and Mr. Robinson in August 2008 in the course of his job duties.  Defendants further

22   admit that Plaintiff's projects were delayed, but deny that this was solely the result of Plaintiff's

23   technical issues with his computer.  Except as expressly admitted, Defendants deny each and

24   every remaining allegation in Paragraph 12.

25         13.     Answering Paragraph 13, Defendants admit that, on or around

26   September 9, 2008, Mr. Robinson suggested that Plaintiff consider taking a leave of absence.

27   Defendants lack sufficient information on which to form a belief as to the truth of the allegations

28   concerning Plaintiff's feelings of stress and anxiety, and concerning Plaintiff's seeking of medical

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1    treatment, and on that basis deny them.  Except as expressly admitted, Defendants deny each and

2    every remaining allegation in Paragraph 13.

3            14.     Answering Paragraph 14, Defendants admit that Plaintiff took short term

4    disability leave on or about September 10, 2008 and that Mr. Robinson was in contact with

5    Plaintiff while Plaintiff was on leave.  Defendants further admit that Mr. Robinson was aware that

6    Plaintiff was on a leave of absence, but deny that Mr. Robinson was aware of the nature of

7    Plaintiff's condition.  Except as expressly admitted, Defendants deny each and every remaining

8    allegation in Paragraph 14.

9            15.     Answering Paragraph 15, Defendants admit that during his leave of

10    absence, Plaintiff was expected to and did in fact communicate with Cathy West.

11    Defendants lack sufficient recollection to form a belief as to the truth of the allegation that Ms.

12    West spoke with Plaintiff's Employee Assistance Program Therapist, Dr. Jean Jennett.  Except as

13    expressly admitted, Defendants deny each and every remaining allegation in Paragraph 15.

14            16.     Answering Paragraph 16, Defendants admit that while Plaintiff was on

15    leave, Cathy West spoke with Mr. Robinson.  Except as expressly admitted, Defendants deny

16    each and every remaining allegation in Paragraph 16.

17            17.     Answering Paragraph 17, Defendants admit that following Plaintiff's

18    release to return to work, on or around March 16, 2009, IBM notified Plaintiff that he would be

19    included in a reduction in force (a "Resource Action"), but only if he were unable to find a new

20    position within IBM.  Defendants further admit that IBM informed Plaintiff that if he were unable

21    to find a new position, the effective date of his termination would be May 29, 2009.  Defendants

22    further admit that it included certain employees both older and younger than Plaintiff in the same

23    Resource Action, and did not include certain employees both older and younger than Plaintiff in

24    the same Resource Action.  Except as expressly admitted, Defendants deny each and every

25    remaining allegation in Paragraph 17.

26            18.     Answering Parargraph 18, Defendants admit that on or about April 1, 2009,

27    Plaintiff transferred to another division, and was informed that he would be eligible for transfer to

28    an appropriate position if such a position was available.  Defendants further admit that Plaintiff's

-3-

1    employment with IBM terminated on May 29, 2009.  Except as expressly admitted, Defendants

2    deny each and every remaining allegation in Paragraph 18.

3                            ANSWER TO COUNT ONE

4                    (ALLEGED DISCRIMINATION BASED ON AGE)

5            19.     Answering Paragraph 19, Defendants reallege and incorporate by reference

6    their answers to Paragraphs 1 through 18 as though fully set forth herein.

7            20.     Answering Paragraph 20, Defendant IBM admits that Plaintiff is a person

8    at least 40 years in age.  Paragraph 20 otherwise states only a legal conclusion.  Defendant IBM

9    denies that Plaintiff's statement is a complete or accurate statement of the law and on that basis

10   denies each and every remaining allegation contained in Paragraph 20.

11           21.     Defendant IBM admits the allegations in Paragraph 21.

12           22.     Defendant IBM admits the allegations in Paragraph 22.

13           23.     Paragraph 23 states only a legal conclusion.  Defendant IBM denies that

14   Plaintiff's statement is a complete or accurate statement of the law and on that basis denies each

15   and every allegation contained in Paragraph 23.

16           24.     Defendant IBM denies each and every allegation in Paragraph 24.

17           25.     Defendant IBM denies each and every allegation in Paragraph 25.

18           26.     Defendant IBM denies each and every allegation in Paragraph 26.

19           27.     Defendant IBM denies each and every allegation in Paragraph 27.

20           28.     Defendant IBM denies each and every allegation in Paragraph 28 and

21   further denies that Plaintiff was damaged in the nature alleged or in any nature.

22           29.     Defendant IBM denies each and every allegation in Paragraph 29 and

23   further denies that Plaintiff was damaged in the nature or amount alleged or in any nature or

24   amount.

25           30.     Answering Paragraph 30, Defendant IBM admits that the EEOC and DFEH

26   issued Plaintiff right-to-sue notices.  Except as expressly admitted, Defendant IBM denies each

27   and every remaining allegation in Paragraph 30.

28

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1

<u>ANSWER TO COUNT TWO</u>

2

<u>(ALLEGED ETHNIC BACKGROUND AND DISABILITY DISCRIMINATION)</u>

3      31.     Defendants incorporate by reference and reallege their answers to

4   Paragraphs 1 through 30 of the Complaint in response to Paragraph 31 of the Complaint as

5   though set forth fully herein.

6      32.     Answering Paragraph 32, Defendant IBM admits that Plaintiff began his

7   employment with IBM in 1977 and that he worked most recently in the Silicon Valley

8   Laboratory.  Paragraph 32 otherwise states only a legal conclusion.  Defendant IBM denies that

9   Plaintiff's statement is a complete or accurate statement of the law and on that basis denies each

10  and every remaining allegation contained in Paragraph 32.

11     33.     Defendant IBM admits the allegations in Paragraph 33.

12     34.     Defendant IBM denies each and every allegation in Paragraph 34.

13     35.     Defendant IBM denies each and every allegation in Paragraph 35.

14     36.     Defendant IBM denies each and every allegation in Paragraph 36.

15     37.     Defendant IBM denies each and every allegation in Paragraph 37.

16     38.     Defendant IBM denies each and every allegation in Paragraph 38 and

17  further denies that Plaintiff was damaged in the nature alleged or in any nature.

18     39.     Defendant IBM denies each and every allegation in Paragraph 39 and

19  further denies that Plaintiff was damaged in the nature or amount alleged or in any nature or

20  amount.

21     40.     Answering Paragraph 40, Defendant IBM admits that the EEOC and DFEH

22  issued Plaintiff right-to-sue notices.  Except as expressly admitted, Defendant IBM denies each

23  and every remaining allegation in Paragraph 40.

24

<u>ANSWER TO COUNT THREE</u>

25

<u>(ALLEGED RETALIATION)</u>

26     41.     Defendants incorporate by reference and reallege their answers to

27  Paragraphs 1 through 40 of the Complaint in response to Paragraph 41 as though set forth fully

28  herein.

-5-

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1        42.    Defendant IBM denies each and every allegation in Paragraph 42 and

2  further denies that Plaintiff was damaged in the nature alleged or in any nature.

3        43.    Defendant IBM denies each and every allegation in Paragraph 43 and

4  further denies that Plaintiff was damaged in the nature alleged or in any nature.

5        44.    Defendant IBM admits that Plaintiff purports to bring his claim under Title

6  VII of the Civil Rights Act and unspecified California public policy provisions, but denies that he

7  is entitled to any relief under these or any other provisions of federal, state, or local law.  Except

8  as so admitted, Defendant IBM denies each and every remaining allegation in Paragraph 44.[2]

9  ANSWER TO COUNT FOUR

10  (ALLEGED NEGLIGENCE)

11        45.    Defendants incorporate by reference and reallege their answers to

12  Paragraphs 1 through 43 of the Complaint in response to Paragraph 44 of the Complaint as

13  though set forth fully herein.

14        46.    Paragraph 45 states only a legal conclusion.  Defendant Robinson denies

15  that Plaintiff's statement is a complete or accurate statement of the law and on that basis denies

16  each and every allegation contained in Paragraph 45.

17        47.    Defendant Robinson denies each and every allegation in Paragraph 46.

18        48.    Defendant Robinson denies each and every allegation in Paragraph 47 and

19  further denies that Plaintiff was damaged in the nature alleged or in any nature.

20        49.    Defendant Robinson denies each and every allegation in Paragraph 48 and

21  further denies that Plaintiff was damaged in the nature alleged or in any nature.

22  ANSWER TO PRAYER

23        50.    Responding to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff

24  has been damaged in any amount or is entitled to any of the relief requested in the Prayer, or any

25  of its subparts.

26  _____

27  [2]    Plaintiff's Complaint is mis-numbered, identifying two consecutive paragraphs as "Paragraph 44." Defendants' response to the initial Paragraph 44 in Plaintiff's Complaint is contained in Paragraph 44 of this Answer. Defendants' response to the second Paragraph 44 in Plaintiff's Complaint is contained in Paragraph 45 of this

28  Answer.

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

Case No. CV-10-4602-LHK

1

***DEFENDANTS' SEPARATE DEFENSES***

2    Subject to the foregoing and without admitting any allegation contained in the

3    Complaint other than those allegations expressly admitted above, Defendants also plead the

4    following separate and affirmative defenses to the Complaint:

5    FIRST SEPARATE AND AFFIRMATIVE DEFENSE

6    (FAILURE TO STATE A CLAIM)

7    51.    The Complaint fails to state facts sufficient to constitute a claim.

8    SECOND SEPARATE AND AFFIRMATIVE DEFENSE

9    (STATUTE OF LIMITATIONS)

10   52.    The Complaint is barred in whole or in part by all applicable statute of

11   limitations, including but not limited to Cal. Code Civ. Proc. §§ 335.1, 338 and 340; Cal. Gov't

12   Code § 12965; 29 U.S.C. § 626(d)(1), (e); and 42 U.S.C. § 2000e-5(e)(1), (f)(1).  *See also* 42

13   U.S.C. § 12117 (adopting Title VII procedures for ADA claims).

14   THIRD SEPARATE AND AFFIRMATIVE DEFENSE

15   (LACHES)

16   53.    The Complaint and each claim therein is barred by the doctrine of laches,

17   as Plaintiff waited an unreasonable amount of time to bring his claims – sitting on his potential

18   rights, and thereby prejudicing Defendants' ability to defend themselves.

19   FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

20   (UNCLEAN HANDS)

21   54.    The Complaint and each claim therein is barred by the doctrine of unclean

22   hands based on Plaintiff's own conduct.

23   FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

24   (UNJUST ENRICHMENT)

25   55.    The complaint and each claim therein is barred, because any recovery by

26   Plaintiff would constitute unjust enrichment.

27

28

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

2

(ADEA EXHAUSTION)

3      56.     The first purported claim arising under the ADEA is barred because

4  Plaintiff failed to exhaust all available administrative remedies, and/or otherwise failed to comply

5  with the statutory prerequisites to bringing this action pursuant to the ADEA.

6

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7

(TITLE VII EXHAUSTION)

8      57.     The second and third purported claims arising under Title VII of the Civil

9  Rights Act of 1964, are barred because Plaintiff did not timely exhaust administrative remedies as

10  required and/or otherwise failed to comply with all the statutory and jurisdictional prerequisites to

11  bring suit pursuant to Title VII of the Civil Rights Act of 1964.

12

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

13

(FEHA EXHAUSTION)

14      58.     The first, second, and third purported claims – to the extent Plaintiff

15  contends they arise under the California Fair Employment and Housing Act – are barred because

16  Plaintiff did not timely exhausted the administrative remedies as required and/or otherwise failed

17  to comply with all the statutory and jurisdictional prerequisites to bring suit pursuant to the

18  FEHA.

19

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

20

(TIMELINESS OF DFEH CHARGE)

21      59.     To the extent that Plaintiff makes allegations or claims under the FEHA

22  with respect to a time period more than one year before Plaintiff allegedly filed a complaint with

23  the California Department of Fair Employment and Housing ("DFEH"), or which were not made

24  the subject of a timely DFEH complaint, his first, second, and third purported claims are barred.

25

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

26

(TIMELINESS OF EEOC CHARGE)

27      60.     To the extent that Plaintiff makes allegations or claims under the ADEA

28  and/or Title VII of the Civil Rights Act of 1964 with respect to a time period more than 300 days

-8-

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1    before Plaintiff allegedly filed a complaint with the Equal Employment Opportunity Commission

2    ("EEOC"), or which were not made the subject of a timely EEOC complaint, Plaintiff's first,

3    second, and third purported claims are barred.

4                      ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

5                                         (SCOPE OF CHARGE)

6            61.     Plaintiff's first, second, and third claims are barred to the extent that they

7    do not fall within the scope of any administrative charges Plaintiff filed with the DFEH and/or

8    EEOC.

9                      TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

10                            (REASONABLE FACTORS OTHER THAN AGE)

11           62.     IBM has not discriminated against Plaintiff based on age as alleged in the

12   first claim, which is barred because any alleged treatment of Plaintiff or difference in treatment of

13   Plaintiff as compared with other employees was based solely on reasonable factors other than age.

14                    THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15                         (LEGITIMATE, BUSINESS-RELATED REASONS)

16           63.     The first, second, and third claims are barred because IBM made all

17   challenged decisions with respect to Plaintiff's employment for legitimate, business-related

18   reasons unrelated to his age, national origin, any alleged disability, or protected conduct in which

19   he alleges he engaged.

20                    FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21                          (SAME DECISIONS REGARDLESS OF MOTIVE)

22           64.     The first, second, and third claims are barred because – regardless of any

23   improper motive, which Defendants deny – Defendants would have made the same decisions with

24   regard to Plaintiff for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

25                      FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

26                   (JOB RELATED AND CONSISTENT WITH BUSINESS NECESSITY)

27           65.     Plaintiff's first and second claims are barred because all of IBM's

28   assignment, evaluation, layoff, and/or termination policies or practices and/or any other

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1  challenged employment policy or practice used by Defendants were at all times job-related and

2  consistent with business necessity.

3  SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

4  (WORKERS' COMPENSATION EXCLUSIVITY)

5  66.    The fourth purported claim is barred, in whole or in part, because

6  Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California

7  Workers' Compensation Act and before the Workers' Compensation Appeals Board, Cal. Labor

8  Code § 3200 *et seq.*

9  SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

10 (WORKERS' COMPENSATION EXHAUSTION)

11 67.    The fourth purported claim is barred because Plaintiff has failed to pursue

12 and exhaust his remedies under the California Workers' Compensation Act and before the

13 Workers' Compensation Appeals Board, Cal. Labor Code § 3200 *et seq.*

14 EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15 (MANAGERIAL IMMUNITY)

16 68.    The fourth purported claim against Defendant Robinson is barred because

17 individual managers may not be held individually liable for managerial actions taken within the

18 course and scope of their employment.

19 NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20 (CONTRIBUTORY NEGLIGENCE – PLAINTIFF'S ACTIONS)

21 69.    With respect to the fourth purported claim, if Plaintiff sustained any loss,

22 injury, damage, or detriment as alleged in the fourth claim for negligence, the loss, injury,

23 damage, or detriment was caused and contributed to by Plaintiff's own actions and/or omissions

24 in that he did not exercise ordinary care on his own behalf, and Plaintiff's own actions and/or

25 omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by

26 Plaintiff, and Plaintiff's recovery from Defendant Robinson, if any, should be reduced in

27 proportion to the percentage of Plaintiff's negligence or in proportion to this fault.

28

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

2

(CONTRIBUTORY NEGLIGENCE – ACTIONS OF OTHERS)

3      70.     With respect to the fourth purported claim, if Plaintiff sustained any loss,

4   injury, damage, or detriment as alleged in the fourth claim for negligence, the loss, injury,

5   damage, or detriment was caused or contributed to by the failure of others (not Defendant

6   Robinson) to exercise due care, and therefore, Plaintiff's recovery of damages, if any, must be

7   reduced in proportion to the percentage of others' fault.

8

TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

9

(AFTER-ACQUIRED EVIDENCE)

10      71.     Plaintiff is barred, in whole or in part, from recovery of damages on his

11   first, second, and third claims as alleged and prayed for in the Complaint by the after-acquired

12   evidence doctrine, due to IBM's discovery after the commencement of litigation that Plaintiff

13   unlawfully, in violation of his agreements, and against Company policies failed to return, kept,

14   and converted IBM's property (a back up hard drive and an image of Plaintiff's IBM hard drive).

15

TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

16

(FAILURE TO MITIGATE)

17      72.     All of Plaintiff's claims are barred in whole or in part because Plaintiff has

18   failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

19

TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

20

(NO PUNITIVE DAMAGES UNDER CALIFORNIA LAW)

21      73.     Plaintiff is not entitled to recover any punitive or exemplary damages under

22   any of his purported claims, and any allegations with respect to those damages should be stricken

23   because:

24          (a)     Plaintiff has failed to plead facts sufficient to support allegations of

25   oppression, fraud, and/or malice;

26          (b)     Plaintiff has failed to plead facts sufficient to support allegations of

27   willful and/or conscious disregard to the rights of Plaintiff or that Defendants were motivated by

28   evil motive or intent; and/or

-11-     AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

(c)     Neither Defendants nor any officer, director, or managing agent of Defendants committed any alleged oppressive, fraudulent, false, deceptive, or malicious act, authorized or ratified such an act, and/or had advance knowledge of the unfitness, if any, of any employee, agent or representative who allegedly committed such an act, or employed, retained, or directed any such employee, agent or representative with a conscious disregard of the rights or safety of others.

TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(NO PUNITIVE DAMAGES UNDER FEDERAL LAW)

74.     Plaintiff is not entitled to recover any punitive or exemplary damages under any of his purported claims, and any allegations with respect to those damages should be stricken because: Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression, or reckless disregard of his rights.

TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

(NO PUNITIVE DAMAGES – PREVENTATIVE POLICIES)

75.     Plaintiff is barred from recovering punitive damages under Plaintiff's first, second, or third claims, because IBM had in place a policy to prevent discrimination, harassment and/or retaliation in its workplace and made good faith and reasonable efforts to implement and enforce that policy.

***COUNTERCLAIMS AGAINST PLAINTIFF***

***FOR DAMAGES AND INJUNCTIVE RELIEF***

Defendants and Counterclaimants IBM and Gary Robinson allege the following claims against Plaintiff and Counter-Defendant Michael DeSantis:

JURISDICTION AND VENUE

1.     This Court has supplemental jurisdiction over these counterclaims under 23 U.S.C. § 1367 because the claims arise out of the same case or controversy that gave rise to this action.

2.     Venue is proper in this judicial district because the actions at issue in these counterclaims occurred within the jurisdiction of the United States District Court for the Northern

District of California in that – on information and belief – (a) Plaintiff received the benefit of the moneys at issue and retained such moneys while residing within this judicial district, and (b) Plaintiff obtained, failed to return, and converted IBM's property also while residing within this judicial district, and (c) Plaintiff surreptitiously and unlawfully recorded private conversations between DeSantis and Robinson, within this judicial district.

<u>NATURE OF ACTION</u>

3.       This is an action by Counterclaimant IBM against DeSantis, a former employee of IBM, for the tort of Conversion and the Common Counts of Money Had And Received and Mistaken Receipt, arising out of Desantis's failure to return an over-payment by IBM, and for the tort of Conversion and Breach of Contract arising from Plaintiff's failure to return IBM property, documents, data, and information upon his termination from the company. By way of these counterclaims, IBM seeks repayment of the amount mistakenly paid, converted and wrongfully withheld, and an injunction compelling Plaintiff to return all property converted and wrongfully withheld, to take further protective measures to ensure that Plaintiff keeps no copies or access to such property, for punitive damages, and for such other relief as deemed appropriate by the Court.

4.       This is also an action by Counterclaimants IBM and Gary Robinson against DeSantis, a former employee of IBM, for violations of California Penal Code Section 632 ("Section 632") arising out of the surreptitious and unlawful audio recordings by DeSantis of private conversations between DeSantis and Robinson, without notice, permission, or Robinson's knowledge.  By way of this Counterclaim, IBM and Robinson seek the greater of the statutory fine of $5,000 for each violation of Section 632, or three times their actual damages.

<u>PARTIES</u>

5.       Defendant and Counterclaimant IBM is a New York corporation with its principal place of business in the State of New York.

6.       Defendant and Counterclaimant Gary Robinson is a citizen of the State of California, residing in the County of Santa Clara.  At all times from September 2007 through the present, Robinson has been employed by IBM as a managerial employee.

1        7.      Plaintiff and Counter-Defendant DeSantis alleges in his Complaint,

2   Paragraph 1, that he is a citizen of the State of California, residing in the County of Santa Clara,

3   California.  On that basis, IBM re-alleges, on information and belief, that DeSantis is a citizen of

4   the State of California, residing in the County of Santa Clara, California.

5        8.      IBM hired DeSantis in 1977.

6   <u>ALLEGATIONS REGARDING DESANTIS'S WRONGFUL RETENTION OF IBM FUNDS</u>

7        9.      Although DeSantis was at all times an at-will employee, the parties agreed

8   and understood, at all times relevant, that DeSantis would be compensated for work performed,

9   and that IBM would withhold taxes from DeSantis's compensation for the purpose of paying – on

10  DeSantis's behalf – tax obligations due to the tax authorities.  The parties agreed and understood

11  that IBM would *not* otherwise make payments to the tax authorities on DeSantis's behalf, unless

12  otherwise specifically agreed.

13       10.     IBM employed DeSantis through May 29, 2009, when IBM terminated

14  DeSantis's employment as part of a Resource Action.

15       11.     IBM terminated the employment of many other individuals during its

16  Resource Action in the Spring of 2009 (at which time, IBM (along with the entire country) was

17  attempting to survive the worst economic recession in the United States since the Great

18  Depression).

19       12.     As it did with other employees involved in the Resource Action, IBM

20  offered DeSantis a separation agreement that provided Plaintiff the option of receiving an

21  additional 26 weeks of salary (which equated to $76,158) in exchange for a release of claims.

22       13.     In 2009, IBM included the amount of this offered separation payment

23  ($76,158) in its reporting of Plaintiff's gross income to the California Franchise Tax Board and

24  the Social Security Administration, withheld taxes accordingly, and transmitted the withheld

25  funds on Plaintiff's behalf to the tax authorities.  Specifically, IBM paid $4569.48 in California

26  State Tax to the California Franchise Tax Board and $830.50 to the Social Security

27  Administration, a total of $5,399.98.

28

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

14.     DeSantis, however, ultimately chose not to sign the separation agreement and accordingly was not entitled to and did not receive the separation payment.  Because IBM had already paid the taxes noted above, Plaintiff received a windfall in the form of a tax over-payment made by IBM.  IBM is informed and believes, and on that basis alleges, that DeSantis received the full monetary benefit of the $5,399.98 paid by IBM, as that amount was credited by the tax authorities as payment against DeSantis's personal tax obligations for 2009 –which resulted in either a lowering of the amount DeSantis had to pay the tax authorities or in an increased refund to him.   IBM in effect paid a portion of DeSantis's personal tax obligation without receiving any benefit in return.

15.     IBM sent multiple letters to DeSantis informing him of the over-payment and requesting return of the $5,399.98.

16.     Despite IBM's multiple letters and attempts to recover its overpayment without the need to resort to litigation, DeSantis has refused and failed to make any restitution payment to IBM.  Instead, DeSantis has retained the benefit of the $5,399.98 overpayment, including interest thereon.

## ALLEGATIONS REGARDING DESANTIS'S THEFT OF IBM PROPERTY AND BREACH OF CONTRACTUAL PROMISES TO RETURN SUCH PROPERTY

17.     In consideration for his employment with IBM, DeSantis entered into a written Agreement Regarding Confidential Information and Intellectual property with IBM ("the Agreement"), under which he agreed to return all IBM property in his possession, including all confidential information, upon the termination of his employment.

18.     Plaintiff's Agreement with IBM states: "If I leave the employ of ROLM, I will return all property of ROLM, the parent company [IBM] and the subsidiaries in my possession, including all confidential information or material such as drawings, notebooks, reports and other documents."

19.     In addition, in consideration for his employment with IBM, DeSantis agreed to adhere to IBM's Business Conduct Guidelines, which state: "If you leave the company for any reason, including retirement, you must return all IBM property, including documents and

-15-

media which contain IBM proprietary information, and you may not disclose or use IBM proprietary information, including IBM confidential information."

20.    Upon the termination of his employment, DeSantis purposefully failed to return to IBM a backup hard drive that contains IBM data, documents and other information, thereby converting IBM property and breaching his contractual agreements with IBM.

21.    DeSantis understood when he purposefully failed to return the IBM backup hard drive that data, documents, and other information on the hard drive were the property of IBM.

22.    At no point did DeSantis ask for or obtain permission to retain after his employment ended the backup hard drive or the IBM property it contained.

23.    DeSantis did more.  Without permission from IBM and against IBM's policies, DeSantis further inappropriately used and converted IBM's property by transferring the contents of the IBM backup hard drive to his personal hard drive, and then accessed the contents of the personal hard drive and the IBM property that had been placed on it on his personal computer.  DeSantis so accessed IBM's property after his employment ended, without IBM's permission, and for DeSantis's own personal purposes.

24.    IBM has requested that DeSantis return its hard drive and the information that DeSantis transferred to his personal computer and take other protective measures to ensure that DeSantis can no longer access such information.  Without justification, DeSantis has refused to do so.

ALLEGATIONS REGARDING DESANTIS'S ILLEGAL TAPE RECORDING OF PRIVATE CONVERSATION

25.    In or about 2008, DeSantis knowingly and intentionally tape-recorded at least one confidential one-on-one conversation with Robinson without providing notice, without consent, and without Robinson's knowledge.

26.    On information and belief, the one-on-one conversation with Robinson that DeSantis recorded without permission took place on IBM premises while DeSantis worked for IBM, and concerned DeSantis's work for IBM.

AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AMENDED COUNTERCLAIM

27.     Until DeSantis confessed to the tape recording on November 18, 2011 during his deposition in conjunction with this action, neither Robinson nor IBM was aware that DeSantis ever recorded a confidential conversation with Robinson.  Neither Robinson nor IBM ever provided DeSantis permission or gave DeSantis their consent to record any conversation.

28.     Robinson and IBM intended and reasonably expected that Robinson's one-on-one conversations with DeSantis were private with no one else in attendance, no one else listening, and not being tape recorded.

<u>FIRST COUNTERCLAIM (CONVERSION OF $5,399.98)</u>

<u>(by IBM only)</u>

29.     IBM realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 28, inclusive, of the Counterclaim as though set forth fully herein.

30.     As DeSantis never signed the separation agreement, Plaintiff never secured any right to the separation payment (a portion of which included IBM's overpayment of $5,399.98 to taxing authorities).  IBM at all times was the owner of the $5,399.98 over-payment it made to taxing authorities, for which DeSantis received the full benefit.

31.     DeSantis interfered with IBM's ownership of these funds by wrongfully retaining the $5,399.98 and refusing to return it to IBM.

32.     IBM informed DeSantis of the $5,399.98 overpayment, and demanded that DeSantis return it to IBM.  DeSantis's was thus fully aware of the overpayment, and yet – without justification – retained the money and refused to return it to IBM – making his interference knowing and intentional.

33.     IBM seeks redress for its injury from DeSantis in the amount of $5,399.98, plus interest, and further seeks its reasonable costs and attorneys' fees.

<u>SECOND COUNTERCLAIM (MONEY HAD AND RECEIVED)</u>

<u>(by IBM only)</u>

34.     IBM realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33, inclusive, of the Counterclaim as though set

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

forth fully herein.

35.   IBM mistakenly paid the tax authorities $5,399.98 on DeSantis's behalf, on account of a potential contractual agreement with DeSantis – the proposed separation agreement. DeSantis never entered into the contract.

36.   DeSantis wrongfully retained the full sum of $5,399.98, and has never returned it to IBM.

37.   IBM seeks redress for its injury from DeSantis in the amount of $5,399.98, plus interest.

THIRD COUNTERCLAIM (MISTAKEN RECEIPT)

(by IBM only)

38.   IBM realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37, inclusive, of the Counterclaim as though set forth fully herein.

39.   IBM mistakenly paid the tax authorities $5,399.98 on DeSantis's behalf, on account of a potential contractual agreement with DeSantis – the proposed separation agreement. DeSantis never entered into the contract.

40.   DeSantis did not have a right to the $5,399.98.

41.   IBM informed DeSantis of the overpayment, and demanded that the $5,399.98 be returned.

42.   DeSantis did not return any portion of the $5,399.98, and has never returned it to IBM.

43.   IBM seeks redress for its injury from DeSantis in the amount of $5,399.98, plus interest.

FOURTH COUNTERCLAIM (CONVERSION OF IBM PROPERTY AND INFORMATION)

(by IBM only)

44.   IBM realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, of the Counterclaim as though set forth fully herein.

1        45.    IBM at all times was the owner of the backup hard drive and the data,

2   documents, and other information it contained.

3        46.    DeSantis intentionally interfered with IBM's ownership of the backup hard

4   drive and the data, documents, and other information it contained by wrongfully and intentionally

5   retaining them following his termination and refusing to return them to IBM.

6        47.    DeSantis further intentionally converted IBM's property by – without

7   authorization or right – intentionally transferring IBM's data, documents, and other information

8   from IBM's backup hard drive to DeSantis's personal hard drive and then accessed that

9   information for his own use through DeSantis' personal computer.

10       48.    IBM did not consent to DeSantis's retention or post-employment use of its

11  property, and demanded that DeSantis return the backup hard drive and the data, documents, and

12  other information it contained and agree to additional protective measures to ensure that DeSantis

13  no longer has access to such property and information.  Through counsel, DeSantis refused.

14       49.    Plaintiff's actions were without justification.

15       50.    DeSantis's actions were malicious, despicable, willful, and in conscious

16  disregard of IBM's rights, in that he took IBM's property with full knowledge that he was

17  violating his contractual, policy, and legal duties by doing so, and later transferred IBM data,

18  documents and other information to his personal hard drive and accessed it for purely personal

19  reasons with the intent to harm IBM.

20       51.    Plaintiff's interference with and conversion of IBM's property rights has

21  caused IBM loss and harm, both by depriving IBM of valuable physical property, and by

22  misappropriating IBM's documents, data, and other information, to which it has exclusive rights.

23       52.    IBM seeks redress for its injuries from Plaintiff's conversion in the form of

24  actual damages, restitution, costs of suit, attorneys' fees, and punitive damages.

25       53.    IBM further seeks an injunction compelling DeSantis to return the

26  misappropriated and converted property (all backup hard drives and the data, documents, and

27  other information they contain, and all copies thereof whether electronic or otherwise) and to take

28

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

the following protective measures to ensure that DeSantis can no longer access or use IBM's property:

        (a)     Plaintiff shall immediately identify, under oath by signed declaration, the precise location and form of all IBM property he currently possesses, whether in the form he originally took it from IBM and/or as converted or copied – including the identity of any hard drive or other storage device or medium (whether a physical, internet, cloud, computer, email attachment, paper, or any other medium) on which such IBM property presently is located.

        (b)     Plaintiff shall immediately thereafter return to IBM all hard and soft copies of all property and media he identified.

        (c)     To the extent Plaintiff has maintained IBM property on a personal hard drive or other medium that also contains Plaintiff's personal property, Plaintiff shall provide that hard drive and/or other medium to IBM along with a log (by file name) of all personal information on the drive, or, if such information has previously been deleted, a description by category (e.g., tax records, bank statements, photographs, etc.), and allow IBM a reasonable period of time to ensure that the hard drive or other medium is completely scrubbed of IBM property, after which IBM will return the hard drive or other medium to Plaintiff.

        (d)     Plaintiff shall never to try to recreate from memory, share, attempt to access, or otherwise use in any way any of the IBM property he took from IBM.

<u>FIFTH COUNTERCLAIM (BREACH OF CONTRACT)</u>

<u>(by IBM only)</u>

54.     IBM realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 53, inclusive, of the Counterclaim as though set forth fully herein.

55.     A valid contract existed between DeSantis and IBM, under which – in consideration for his employment with IBM – DeSantis agreed to return all IBM property and information upon termination of employment.

56.     IBM performed its obligations under the contract.

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

57.     Following his termination from IBM, DeSantis failed to return IBM property consisting of a backup hard drive and the data, documents, and other information it contained.  Plaintiff then further violated his Agreement by making additional copies of IBM's property on his personal hard drive and other media, which personal hard drive and other media Plaintiff still possesses and has not returned to IBM.

58.     Plaintiff's breach of his contract with IBM has caused IBM loss and harm, both by depriving IBM of valuable physical property, and by misappropriating IBM's documents, data, and other information, to which IBM has exclusive rights.

59.     IBM seeks redress for its injuries from Plaintiff's breach of contract in the form of actual damages, restitution, specific performance, and additional injunctive relief to ensure compliance with the agreement.

60.     The specific performance that IBM seeks for Plaintiff's breach of contract is that Plaintiff immediately return to IBM all IBM hard drives, back up hard drives containing IBM property, and all copies (in any medium, whether electronic, paper, cloud, or otherwise) of IBM data, documents, and other information that Plaintiff kept after his termination from IBM.

61.     In addition, IBM seeks an injunction compelling DeSantis to take the following protective measures to ensure that DeSantis can no longer access or use IBM's property:

(a)     Plaintiff shall immediately identify, under oath by signed declaration, the precise location and form of all IBM property he currently possesses, whether in the form he originally took it from IBM and/or as converted or copied – including the identity of any hard drive or other storage device or medium (whether a physical, internet, cloud, computer, email attachment, paper, or any other medium) on which such IBM property presently is located.

(b)     Plaintiff shall immediately thereafter return to IBM all hard and soft copies of all property and media he identified.

(c)     To the extent Plaintiff has maintained IBM property on a personal hard drive or other medium that also contains Plaintiff's personal property, Plaintiff shall provide that hard drive and/or other medium to IBM along with a log (by file name) of all personal

-21-

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1    information on the drive, or, if such information has previously been deleted, a description by

2    category (e.g., tax records, bank statements, photographs, etc.), and allow IBM a reasonable

3    period of time to ensure that the hard drive or other medium is completely scrubbed of IBM

4    property, after which IBM will return the hard drive or other medium to Plaintiff.

5                  SIXTH COUNTERCLAIM (VIOLATION OF PENAL CODE § 632)

6                              (by IBM and Robinson)

7           62.    Robinson and IBM reallege and incorporate herein by reference each and

8    every allegations contained in paragraphs 1 through 61, inclusive, of the Counterclaim as though

9    set forth fully herein.

10          63.    California Penal Code section 632 makes it unlawful for any person to

11   intentionally record a confidential communication without the consent and knowledge of all

12   parties to the communication.

13          64.    DeSantis violated California Penal Code section 632, in that he

14   intentionally recorded private and confidential conversations without the knowledge or consent of

15   the individuals he recorded.

16          65.    California Penal Code section 637.2 permits any person injured by a

17   violation of Section 632 to bring a private action for damages against the person who committed

18   the violation, in the amount of $5,000 per violation or three times the amount of actual damages,

19   whichever is greater.

20          66.    DeSantis intentionally recorded a confidential conversation with Robinson

21   at work concerning DeSantis' employment with IBM, without consent or knowledge of Robinson

22   or IBM, in or about 2008.

23          67.    Robinson, who was a management employee for IBM at the time, and IBM

24   have been injured from Plaintiff's violation of California Penal Code section 637.2 by having

25   their statutory right to not have their confidential communication tape recorded compromised and

26   violated by Plaintiff's unlawful actions.  Robinson and IBM bring this claim under Section 637.2

27   because DeSantis tape-recorded Robinson in violation of Section 632, and because Robinson has

28

suffered dignitary and emotional injury as a direct and proximate result of DeSantis's unlawful conduct.

68.     Pursuant to California Penal Code section 637.2, Robinson and IBM seek redress for their injuries from DeSantis in either statutory damages in the sum of $5,000 for each violation, or three times the sum of actual damages, whichever is greater.

## DEFENDANTS' AND COUNTERCLAIMANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants IBM and Gary Robinson pray for judgment as follows:

1.     That judgment be entered for IBM on IBM's Counterclaims for Conversion of $5,399.98, Money Had and Received, and Mistaken Receipt, and that the Court award IBM the amount of $5,399.98 plus interest thereon;

2.     That judgment be entered for IBM on IBM's Counterclaims for Plaintiff's Conversion of IBM Property and Information and Breach of Contract; that the Court award IBM actual damages, restitution, costs of suit, attorneys' fees, and punitive damages; that the Court grant an injunction compelling DeSantis to return all IBM property and information that DeSantis kept upon and after his termination from IBM; that the Court order DeSantis specifically to perform his contractual obligation to return IBM's property and information; and that the Court issue an injunction concerning additional protective measures to ensure that DeSantis can no longer access of use IBM's property, specifically, that:

(a)     Plaintiff shall immediately identify, under oath by signed declaration, the precise location and form of all IBM property he currently possesses, whether in the form he originally took it from IBM and/or as converted or copied – including the identity of any hard drive or other storage device or medium (whether a physical, internet, cloud, computer, email attachment, paper, or any other medium) on which such IBM property presently is located.

(b)     Plaintiff shall immediately thereafter return to IBM all hard and soft copies of all property and media he identified.

(c)     To the extent Plaintiff has maintained IBM property on a personal hard drive or other medium that also contains Plaintiff's personal property, Plaintiff shall provide

AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT AND AMENDED
COUNTERCLAIM

1  that hard drive and/or other medium to IBM along with a log (by file name) of all personal

2  information on the drive, or, if such information has previously been deleted, a description by

3  category (e.g., tax records, bank statements, photographs, etc.), and allow IBM a reasonable

4  period of time to ensure that the hard drive or other medium is completely scrubbed of IBM

5  property, after which IBM will return the hard drive or other medium to Plaintiff.

6         3.    That judgment be entered for IBM and Gary Robinson on their

7  Counterclaim for Plaintiff's violation of California Penal Code section 632, and that they be

8  awarded, under California Penal Code section 637.2, statutory damages in the sum of $5,000 for

9  each violation, or three times the sum of actual damages, whichever is greater;

10         4.    That Plaintiff take nothing by reason of his Complaint, that his Complaint

11  be dismissed in its entirety with prejudice, and that judgment be entered for Defendants on

12  Plaintiff's claims;

13         5.    That Defendants be awarded their reasonable costs and attorney's fees; and

14         6.    That Defendants be awarded such other and further relief as the Court

15  deems just and proper.

16

17

18  DATED:  December 19, 2011         E. JEFFREY GRUBE
JEFFREY P. MICHALOWSKI

19                      PETER A. COOPER
PAUL HASTINGS LLP

20

21                      By: _____

22                           JEFFREY P. MICHALOWSKI

23                      Attorneys for Defendants
INTERNATIONAL BUSINESS MACHINES

24                      CORPORATION and GARY ROBINSON

25  LEGAL_US_W # 69855332.2

26

27

28